USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADMI INC, et. al.,

                Plaintiffs,

          -against-

AUTHENTIC BRANDS GROUP, LLC, et. al.,

                Defendants,

          and

SPORTS HOSPITALITY VENTURES, LLC, et. al.,

                Nominal Defendant.

---

1:25-cv-7301-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of Plaintiffs' motion to disqualify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz"), as counsel for Defendants in this action, [ECF Nos. 105, 106], and letter motion seeking approval to file certain documents under seal and/or redactions, [ECF No. 104].[1]

Because Plaintiffs have made no meaningful effort to demonstrate that the broad sealing and/or redactions sought are narrowly tailored to serve a justifiable purpose and otherwise consistent with the presumption in favor of public access to judicial documents, *see, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the letter motion seeking

---

[1] While Plaintiffs identify the documents they seek to file under seal and/or redactions only as "[e]xhibits . . . to Chris Schroeder's Declaration," *id.* a 1, the Court's review of the filings indicates that Plaintiffs are referring to documents attached to their motion to disqualify counsel. [ECF Nos. 105-3–11] (the "Motion to Disqualify Exhibits"). Plaintiffs created additional confusion by sending two separate emails to Chambers on March 20, 2026, in which they described a "technical issue with the ECF system," and to which they attached unredacted copies of the Motion to Disqualify Exhibits, including one (Exhibit 4) for which Plaintiffs have not moved for sealing or redactions. *See* [ECF No. 104] at 1–2 (not listing Exhibit 4); *but see* [ECF No. 105-8] at 12–13 (document styled "Exhibit 4" reflecting redactions of Mintz banking information that exceed the scope contemplated by Federal Rule of Civil Procedure 5.2). The Court further notes that Plaintiffs' attempt at compliance with Individual Civil Rule 9.B.i. appears to be defective in other respects as well. *See* [ECF No. 105-5] at 2.

approval to file certain documents under seal and/or redactions, [ECF No. 104], is DENIED with respect to Exhibits 1, 2, 3A, 3B, 4, 5, and 6A.  With respect to the more targeted request to seal the personal cellphone numbers in Exhibits 3 and 6, however, the letter motion seeking approval to file certain documents under seal and/or redactions, [ECF No. 104], is GRANTED.

Further briefing on Plaintiffs' motion to disqualify counsel shall follow the schedule laid out at Local Civil Rule 6.1(b).

**The Parties are on notice that failure to comply with Court Orders, the Federal Rules of Civil Procedure, the Local Rules, or this Court's Individual Rules of Practice in Civil Cases may result in sanctions, including monetary sanctions on counsel and/or the parties; preclusion of claims, defenses, evidence, and motion practice; and dispositive, case-terminating sanctions.**

**SO ORDERED.**

**Date:  March 23, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

2