Kaplan
Martin

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
eholloman@kaplanmartin.com

June 4, 2026

**VIA ECF**
The Honorable Mary Kay Vyskocil
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *ADMI, Inc., et al. v. Authentic Brands Grp., LLC, et al.*, No. 25 Civ. 7301 (MKV)

Dear Judge Vyskocil:

On behalf of Defendants Kituwah LLC ("Kituwah"), the economic development arm of the Eastern Band of Cherokee Indians ("EBCI"), and Samuel T. Owl, Jr., Kituwah's CEO, and pursuant to Rule 4.A.i. of Your Honor's Individual Practices, we write to respectfully request a pre-motion conference in advance of moving to dismiss the Amended Complaint ("Am. Compl."), which Plaintiffs filed under seal without leave of the Court on May 21, 2026.

At the status conference held on May 7, 2026, the Court observed that Plaintiffs' initial Complaint failed to comply with Rule 8. The Court also explained that it had "wasted" its time confirming that Plaintiffs cited fictitious and fabricated cases. Accordingly, the Court struck the Complaint with leave to amend, and warned Plaintiffs' counsel that sanctions and a merits resolution of any dispositive motions would follow if Plaintiffs failed to correct their amended pleading.

Plaintiffs ignored the Court's stark warning. Far from complying with Rule 8, the Amended Complaint is just as bloated and prolix as Plaintiffs' initial pleading—approximately 900 pages long, inclusive of the 50 attached exhibits. And although Plaintiffs managed to avoid citing non-existent case law, their claims remain wholly meritless and suffer from many of the same deficiencies that Kituwah and Mr. Owl identified in their prior pre-motion letter (ECF 118). Accordingly, the Amended Complaint should be dismissed as a matter of law pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7), or alternatively stayed.

***Tribal Sovereign Immunity.*** Plaintiffs' claims against Kituwah and Mr. Owl are barred by tribal sovereign immunity. "Suits against Indian tribes are … barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991). That immunity extends to "[o]fficial tribal enterprises that act as a division or arm of the tribe," *City of N.Y. v. Golden Feather Smoke Shop, Inc.*, 2009 WL 705815, at *5 (E.D.N.Y. Mar. 16, 2009), like Kituwah, and to "tribal officials when acting in their official capacity and within their scope of authority," *Catskill Dev. L.L.C. v. Park Place Enter. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002), like Mr. Owl.

The Amended Complaint (again) fails to plead around this threshold bar. Plaintiffs now purport to sue Mr. Owl "solely … in [his] individual capacit[y]." Am. Compl. ¶ 20. But plaintiffs "cannot circumvent tribal immunity by merely naming officers or employees of the Tribe when the complaint concerns actions taken in defendants' official or representative capacities and the complaint does not allege they acted outside the scope of their authority." *Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir. 2004). Indeed, to sustain such an individual-capacity claim, Plaintiffs must allege that Mr. Owl acted "manifestly or palpably beyond his authority." *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 359-60 (2d. Cir. 2000) (citation omitted). But the Amended Complaint—just like the initial Complaint—repeatedly asserts that Mr. Owl was acting on behalf of the EBCI and/or Kituwah. *See, e.g.*, Am. Compl. ¶¶ 16, 127, 191, 198, 205, 206; *see Frazier v. Turning Stone Casino*, 254 F. Supp. 2d 295, 310 (N.D.N.Y. 2003). Equally meritless is Plaintiffs' new assertion that Kituwah "does not function as an arm of the [EBCI] … because it operates as a separately organized commercial entity engaged in substantial off-reservation business activity … unrelated to core tribal functions." Am. Compl. ¶ 23. That extraordinary allegation willfully ignores bedrock case law concerning tribal sovereign immunity's scope. *See, e.g.*, *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 790 (2014) (sovereign immunity precludes "suits arising from a tribe's commercial activities, even when they take place off Indian lands"); *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1195 (10th Cir. 2010) (tribal entity entitled to immunity when, like Kituwah, it was "created … under tribal law" and "for the financial benefit of the Tribe," among other factors). Nor can Plaintiffs rely on unspecified language in various "integrated transaction documents" to establish that Kituwah waived its sovereign immunity, Am. Compl. ¶ 22, because, among other reasons, those documents do not evince Kituwah's waiver in "clear and unmistakable terms," *Alaska Logistics, LLC v. Newtok Vill. Council*, 357 F. Supp. 3d 916, 928 (D. Alaska 2019) (quotation marks omitted).

***Abstention.*** In the alternative, the Court should abstain from exercising jurisdiction over Plaintiffs' claims against Kituwah and Mr. Owl given the ongoing litigation in the Delaware Court of Chancery. The *Colorado River* factors strongly support abstention: (i) abstention would avoid piecemeal litigation and potentially inconsistent outcomes, *Millennium Drilling Co. v. Prochaska*, 2014 WL 6491531, at *4 (S.D.N.Y. Nov. 18, 2014); (ii) the Delaware case has progressed "significantly further than" this action and is entering discovery, *Goldentree Asset Mgmt., L.P. v. Longaberger Co.*, 448 F. Supp. 2d 589, 594 (S.D.N.Y. 2006); and (iii) the Chancery Court will adequately protect Plaintiffs' rights and permit them to assert counterclaims (which they have already done), *id.* at 595. Abstention is also appropriate given "the vexatious [and] reactive nature of [this] … litigation," *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 363 (2d Cir. 1985), which was plainly brought in retaliation for Kituwah's Delaware lawsuit.

***No Personal Jurisdiction.*** Plaintiffs have also failed once again to establish personal jurisdiction over either Kituwah or Mr. Owl. Kituwah is not a party to the License Agreement on which Plaintiffs rely, *see* Am. Compl. ¶ 19, and the agreements to which Kituwah is a party all call for claims to be brought in Delaware, *see Shipco Transp., Inc. v. Roll on Roll off Co., LLC*, 684 F. Supp. 3d 156, 161-62 (S.D.N.Y. 2023) (no personal jurisdiction where non-signatory and plaintiffs had separate agreement without the same forum selection provision). Plaintiffs again cannot base jurisdiction on the RICO statute's "ends of justice" provision, 18 U.S.C. § 1965(b), because they do not plausibly assert a RICO claim. *See BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 352 (S.D.N.Y. 2014). And they again fail to allege that Kituwah and Mr. Owl have sufficient minimum contacts with this District, instead continuing to rely only on a single meeting in New York. Am. Compl. ¶ 21; *see Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (requiring "articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York").

***Failure to State a Claim.*** Finally, despite a morass of purportedly new factual allegations and a jumble of new causes of action, all Plaintiffs' claims remain subject to dismissal as a matter of law. Their attempts to rework their centerpiece RICO claims continue to fail to allege at least two predicate acts "as to each individual defendant," including Kituwah and Mr. Owl. *DeFalco v. Bernas*, 244 F.3d 286, 322 n.22 (2d Cir. 2001). Additionally, their admissions concerning the negotiation and execution of the purportedly fraudulent agreements preclude a finding of "proof of a material misrepresentation," *Acklin v. Eichner*, 2024 WL 775191, at *8 (S.D.N.Y. Feb. 26, 2024). Plaintiffs also do not adequately plead RICO continuity, i.e., "that the crimes extended over at least two years." *Reich v. Lopez*, 858 F.3d 55, 60 (2d Cir. 2017). The Amended Complaint asserts that the alleged conspiracy commenced "[b]y late May 2024," Am. Compl. ¶ 205, and culminated with the termination of the License Agreement only two months later. And their contradictory allegation that the fraudulent scheme existed "[f]rom at least 2021 through the present," *id.* ¶ 1, cannot possibly be true for Kituwah and Mr. Owl because, by Plaintiffs' own admission, Kituwah did not have any involvement with the Sports Illustrated resorts venture until late 2022 at the earliest, *see id.* ¶ 101.

Plaintiffs' federal- and state-law trade secrets claims fail because Plaintiffs do not sufficiently identify the trade secrets at issue, relying instead on generic descriptions of categories of alleged "secrets," *see Elsevier Inc. v. Doctor Evidence, LLC*, 2018 WL 557906, at *5-6 (S.D.N.Y. Jan. 23, 2018), and do not identify sufficient measures taken to ensure secrecy, *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 424-27 (S.D.N.Y. 2021). The Amended Complaint's contract claims fail because Plaintiffs do not allege that they satisfied the conditions precedent to Kituwah's performance. *See Spencer-Smith v. Ehrlich*, 347 F.R.D. 606, 620 (S.D.N.Y. 2024). In addition to failing on the merits, their defamation and commercial disparagement claims are untimely—just as they were when pled in the initial Complaint. *See Batra v. State Bank of India*, 2016 WL 3029957, at *6 (S.D.N.Y. May 25, 2016). And their claims for fraud and aiding and abetting fraud are based on "[a]llegations that are conclusory or unsupported by factual assertions," which "are insufficient." *In re PXRE Grp., Ltd. Sec. Litig.*, 600 F. Supp. 2d 510, 524 (S.D.N.Y. 2009); *see also Wight v. BankAmerica Corp.*, 219 F.3d 79, 91 (2d Cir. 2000). Plaintiffs' new claims for breach of fiduciary duty, accounting, constructive trust and unjust enrichment, conversion, and unfair competition are also meritless. Those claims arise from the same generalized allegations of a coordinated fraudulent scheme and misappropriation of trade secrets that fail as a matter of law and that the factual allegations do not support. *See* Am. Compl. ¶¶ 316, 331, 334, 351, 357. Finally, because they fail to state any cognizable claims, Plaintiffs are not entitled to permanent injunctive and equitable relief, *see id.* ¶¶ 359-63, or any relief whatsoever.

Accordingly, the Court should grant Kituwah and Mr. Owl leave to move to dismiss the Amended Complaint. Because Defendants have moved for case-terminating sanctions (ECF 140-53), and the Court has ordered Plaintiffs' counsel to show cause why sanctions should not be imposed (ECF 155), we respectfully request that the deadline to move to dismiss be held in abeyance pending resolution of the sanctions motions.

Respectfully Submitted,

Ellen V. Holloman

cc: All Counsel of Record (by ECF)