NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY

DuaneMorris®

*FIRM and AFFILIATE OFFICES*

ERIC A. BODEN
DIRECT DIAL: +1 856-874-4216
PERSONAL FAX: +1 856-874-4201
*E-MAIL:* EABoden@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

June 4, 2026

**VIA ECF**

Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *ADMI Inc., et al. v. Authentic Brand Groups LLC, et al.* (Case No. 25-cv-7301)**

Dear Judge Vyskocil:

We represent Defendant Principal Chief Michell Hicks ("Chief Hicks") and "Necessary Party" Eastern Band of Cherokee Indians ("EBCI" or the "Tribe")[1] (together, the "EBCI Defendants") in the above-captioned matter. Please accept this letter as a request, pursuant to Section 4(A)(i) of Your Honor's Individual Rules, for a pre-Motion conference with the Court to consider the EBCI Defendants' application to file a Motion to Dismiss the Amended Complaint (the "Amended Complaint") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(1), (2), and (6). The grounds for the proposed Motion are detailed below.[2] Plaintiffs do not consent to this Motion.

**A. The Court Lacks Subject Matter Jurisdiction Over the EBCI Defendants**

The doctrine of sovereign immunity requires the dismissal of the Complaint against the

[1] EBCI is named as a "Necessary Party" in the Amended Complaint. Plaintiffs assert that EBCI is named "solely as a necessary party pursuant to [Rule] 19," Amended Complaint ("Compl."), ¶ 50, yet do not assert any claims against, or seek monetary damages from, EBCI. *Id.*, ¶ 20.

[2] We respectfully request that the Court hold in abeyance any deadline for filing a formal motion pending resolution of the sanctions motions, which seek dismissal of the action in its entirety.

EBCI Defendants.[3] On a motion invoking sovereign immunity, "the plaintiff bears the burden of proving by a preponderance of evidence that jurisdiction exists." *Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir. 2004). The Amended Complaint fails to satisfy this burden. As Plaintiffs concede, EBCI is a "federally recognized tribal nation[.]" Compl., ¶ 50. To the extent Plaintiffs attempt to assert any causes of action against EBCI, such claims are plainly precluded by the doctrine of sovereign immunity. Meanwhile, Plaintiffs' inartful and transparent attempt to circumvent the protections of tribal immunity by suing Chief Hicks in his "individual capacity," while otherwise exclusively alleging actions taken in his official capacity, fare no better. *See Chayoon*, 355 F.3d at 143 (a plaintiff "cannot circumvent tribal immunity by merely naming officers [] of the Tribe when the complaint concerns actions taken in defendants' official or representative capacities" and "does not allege they acted outside the scope of their authority").

Plaintiffs' allegations against Chief Hicks consist *exclusively* of actions taken either in his official capacity or in furtherance of Tribal activities, both of which are protected by sovereign immunity. *See Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 824 n.4 (2014) (tribal immunity shields "not only Indian tribes themselves, but also entities deemed 'arms of the tribe' ") (citations omitted). Tribal immunity "has been interpreted to cover tribal employees and officials acting within the scope of their employment." *Id.* The Amended Complaint makes clear that Plaintiffs seek relief solely for actions Chief Hicks undertook in his official capacity and in furtherance of Tribal affairs, even explicitly alleging actions Chief Hicks took "as Principal Chief" in the very next sentence after claiming he is sued only in his personal capacity. *See, e.g.*, Compl., ¶ 16 ("*Following Hicks's election as Principal Chief of the Eastern Band of Cherokee Indians*," Hicks and others exercised operational control over SHV through the governance and funding structure established in the transaction documents); *id.*, ¶ 45 ("*As Principal Chief of EBCI*," Hicks coordinated activities involving other Defendants concerning SHV governance); *id.*, ¶ 127 ("Hicks and Owl, *acting through Kituwah*," exercised control over funding and project-selection authority through the SHV OA); *id.*, ¶ 191 (Chief Hicks appointed Owl CEO of Kituwah); *Id.*, ¶ 195 (Hicks viewed SHV tribal partnership as a threat); *id.*, ¶ 241 ("*Following Chief Hicks's election as Principal Chief of the EBCI in or about September 2023,*" Hicks joined in preserving and redirecting gaming-related opportunities through EBCI- and Kituwah-controlled structures) (emphasis added in each). The Amended Complaint's passing—and unsubstantiated—references to Chief Hicks' individual capacity are merely a transparent yet futile attempt to circumvent a jurisdictional bar against suit.

---

[3] The Amended Complaint asserts the following causes of action against Chief Hicks: violations of 18 U.S.C. § 1962(a)-(d) (Counts One through Four); fraud and aiding and abetting fraud (Count Seven); tortious interference (Count Eight); breach of fiduciary duty and aiding and abetting such breach (Count Nine); defamation *per se* (Count Ten); accounting (Count Twelve); constructive trust/unjust enrichment (Count Thirteen); conversion (Count Sixteen); unfair competition (Count Seventeen); and "permanent injunction and equitable relief" (Count Eighteen). Compl., ¶¶ 244-363.

**B. The Amended Complaint Fails to State a Claim Against the EBCI Defendants**

Plaintiffs' claims against Chief Hicks are also subject to dismissal pursuant to Rule 12(b)(6). To the extent Plaintiffs attempt to assert similar claims against EBCI, they fail for the same reasons. Plaintiffs' RICO claims fail because a RICO plaintiff must allege a "pattern of racketeering activity" and plead "at least two predicate acts" in furtherance of that conspiracy. *GICC Cap. Corp. v. Tech. Fin. Group, Inc*., 67 F.3d 463, 465 (2d Cir. 1995). Plaintiffs have not done so. Appendices A-1 through A-9 to the Amended Complaint include illustrative charts purporting to explain each instance of RICO predicate acts. *See* Compl., A-1 – A-9. None of these alleged predicate acts pertains to the EBCI Defendants. Plaintiffs also fail to sufficiently plead RICO continuity, which generally requires that "the crimes extend over at least two years." *Reich v. Lopez*, 858 F.3d 55, 60 (2d Cir. 2017).

The remainder of Plaintiffs' claims against Chief Hicks are likewise baseless. For instance, Plaintiffs' defamation *per se* claim fails because Plaintiffs have not pled any defamatory statements attributable to Chief Hicks, instead lobbing only vague and conclusory statements asserting that Chief Hicks "accused SHV leadership … of misconduct." Compl., ¶ 201; *see Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (false and defamatory statements are necessary elements of defamation *per se*). Plaintiffs' "injunctive relief" claim fails for its vagueness and because the Amended Complaint lacks any plausible allegations that the EBCI Defendants engaged in any actions Plaintiffs seek to enjoin. *See Purgess v. Parauda*, No. 20-cv-2984, 2021 WL 2269540, at *2 (S.D.N.Y. June 3, 2021) (denying injunctive relief because the relief sought was "too vague" and merely directed defendants to comply with pre-existing legal duties). Plaintiffs' fraud claim is not pled with requisite specificity under Rule 9(b), lacking allegations concerning "who was involved in each allegedly fraudulent activity, how the alleged fraud was perpetrated, or when the allegedly fraudulent statements were made." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (citation omitted). The remaining tort claims similarly fail to assert the respective, necessary elements.

**C. The Court Lacks Personal Jurisdiction Over the EBCI Defendants**

The Court also lacks personal jurisdiction over the EBCI Defendants. Plaintiffs fail to allege that either Chief Hicks or EBCI transacted business or had a physical presence in New York, or that they somehow directed actions towards this State such that the "situs of the injury" occurred in New York. *See Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 345-46 (S.D.N.Y. 2025) (describing New York's long-arm statute). Their assertion that Chief Hicks availed himself of the Court's jurisdiction by "coordinat[ing] and participat[ing] in Enterprise activities involving New York-governed agreements," Compl., ¶¶ 21, 45, is deficiently pled, principally because the Amended Complaint fails to identify any such agreements to which either Chief Hicks or EBCI is a party. Additionally, as discussed, Plaintiffs have not pled a RICO claim entitling them to "ends of justice" jurisdiction under 18 U.S.C § 1965.

Thank you for your consideration of this pre-Motion letter.

Respectfully,

Eric Boden

Eric A. Boden

Cc: All Counsel of Record (via ECF)