LAW OFFICES
WILLIAMS & CONNOLLY LLP®

JOHN K. VILLA
(202) 434-5117
jvilla@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 4, 2026

VIA ECF

The Honorable Mary Kay Vyskocil
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *ADMI, Inc., et al. v. Authentic Brands Group, LLC, et al.,* No. 25-CV-7301 (MKV)

Dear Judge Vyskocil:

Williams & Connolly LLP represents Defendant Dorsey & Whitney LLP ("Dorsey") in the above-referenced action. Pursuant to Individual Practice Rule 4.A, Dorsey respectfully requests a pre-motion conference regarding a motion to dismiss Plaintiffs' Amended Complaint per Rules 12(b)(2) and 12(b)(6). The Amended Complaint's baseless allegations against Dorsey suffer from the same defects as the original Complaint, and should be dismissed for the same reasons.[1]

The transaction underlying this suit is the subject of pending lawsuits in the Delaware Court of Chancery and Delaware federal court in which Dorsey initially represented Defendant Kituwah, as plaintiff, against some of the Plaintiffs in this matter, involving contracts related to the development of Sports Illustrated branded resorts.[2] Am. Compl. ¶¶ 1, 3, 234. Although Plaintiffs' allegations here are highly relevant to the proceedings in Delaware, Plaintiffs did not

---

[1] In their amended pleading, Plaintiffs have removed all case citations—including a fabricated citation intended to falsely buttress the incorrect assertion that lawyers can face RICO liability for routine legal services—that were present in the original Complaint. Those fake citations and related misconduct are the subject of Dorsey's pending motion for sanctions. *See* Dkt. 141.

[2] *See* Ex. A, *Kituwah, LLC v. Schroeder, et. al.*, Dkt. 2024-1270 ("*Kituwah v. Schroeder*") (Del. Ch. Dec. 27, 2024); *see also*, *Kituwah, LLC v. Experiential Ventures Hospitality, LLC*, Case No. 25cv686 (June 3, 2025 D. Del.); *Kituwah, LLC v. Sports Hospitality Ventures, LLC, et. al.*, Case No. 25cv687 (June 3, 2025 D. Del.); *Kituwah, LLC v. Experiential Hospitality Holdings LLC, et. al.*, Case No. 25cv688 (June 4, 2025 D. Del.). The Court can take judicial notice of these proceedings. *See Thomas v. Goord,* 215 F. App'x 51, 53 (2d Cir. 2007) (court may take judicial notice on a motion to dismiss); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (same as to the fact of "litigation and related filings").

assert such arguments in Delaware court through their Delaware counsel. For example, in Delaware, Plaintiffs moved to dismiss but did not allege, as they do here, that Dorsey had a conflict or otherwise committed misconduct. *See* Ex. B, *Kituwah v. Shroeder* (Del. Ch. Mar. 11, 2025). Likewise, after the motion to dismiss was resolved, they filed an Answer and Counterclaims, but did not assert such arguments. *See* Ex. C, *Kituwah v. Shroeder* (Del. Ch. Dec. 16, 2025).

Rather than assert and try to resolve their allegations in the appropriate forum, Plaintiffs brought this separate action against Dorsey in a transparent attempt to multiply proceedings, to assert inflated *in terrorem* RICO claims, and to interfere with Dorsey's attorney-client relationship with Kituwah. This suit had its inevitable effect—causing Kituwah to eliminate any risk to its litigation position by replacing Dorsey in the Delaware litigation even though the firm was ably representing Kituwah.

Dorsey requests the opportunity to present arguments for dismissal. There is no personal jurisdiction over Dorsey in New York. Dorsey is organized in Minnesota, where it maintains its principal place of business. As Dorsey pointed out in its April 6, 2026 request for a pre-motion conference, the original Complaint did not allege that Dorsey did anything in New York that would subject it to jurisdiction here. Plaintiffs have not cured that deficiency. In the Amended Complaint, Plaintiffs add the conclusory allegation that Dorsey "participated in communications and activities directed into and affecting New York," Am. Compl. ¶ 47, but they still do not allege any specific acts by Dorsey in, or purposefully directed at, New York. Thus, Dorsey is subject to neither general nor specific personal jurisdiction in New York. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Pfaff v. Deutche Bank AG*, 2020 U.S. Dist. LEXIS 124194 at *5 (S.D.N.Y. July 15, 2020); N.Y. C.P.L.R. § 302. Plaintiffs' RICO allegations cannot save them, as they have not adequately alleged a RICO claim against Dorsey for the reasons outlined below.

Though there is no personal jurisdiction over Dorsey in New York and thus dismissal under Fed. R. Civ. P. 12(b)(2) is appropriate, the Court may instead choose to consider Dorsey's Rule 12(b)(6) arguments below, as well as those of the other Defendants, and dismiss with prejudice on those grounds.

The Complaint against Dorsey should be dismissed with prejudice under Rule 12(b)(6) because Plaintiffs fail to adequately allege the elements of a RICO claim against Dorsey. Plaintiffs' claim is based upon Dorsey providing routine legal services, without any alleged pattern of criminal wrongdoing or any relationship with Defendants other than Dorsey's representation of its client, Kituwah.[3] Dorsey allegedly drafted a joint venture agreement and

---

[3] An alleged conflict of interest (which Dorsey rejects) is not a basis for civil RICO; indeed, it is not even a basis for civil liability. *See* Model Rules of Prof'l Conduct, Preamble & Scope ¶ 20 ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached.").

related documents to benefit Kituwah, advised Kituwah of its contract rights, and filed suit for Kituwah in the Court of Chancery. Indeed, Dorsey's alleged conduct was nothing more than standard legal services—preparing contracts, negotiating deals, and pursuing litigation—which does not plead a RICO claim. *See Azrielli v. Cohen L. Offs*., 21 F.3d 512, 521-22 (2d Cir. 1994) (finding no RICO liability where attorney "merely acted as an attorney for the other individual defendants"); *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer US LLP*, 682 F.3d 1043, 1052 (D.C. Cir. 2012) (observing it is "[un]fathom[able] that "acting like an attorney" would expose that attorney to RICO liability). Dorsey's April 6 letter alerted Plaintiffs that the RICO allegation had been inadequately pleaded in the original Complaint, and yet the problem remains in the Amended Complaint.

Likewise, the Amended Complaint fails to state a claim against Dorsey under the Defend Trade Secret Act ("DTSA"), which requires allegations of wrongful "acquisition," "disclosure," or "use" of trade secrets. 18 U.S.C.A. § 1839. Plaintiffs allege that Dorsey "directed the due-diligence process through which" co-defendants "obtain[ed]" Plaintiffs' trade secrets, "controlled the flow of confidential information among [co-defendants]," and "used those materials in structuring" transaction documents. Am. Compl. ¶ 289. At most, these allegations amount to indirect facilitation of alleged misappropriation, which is legally insufficient to state a claim. *See Zebra Strategies, Inc. v. Gonzalez-Nazario*, 764 F. Supp. 3d 144, 158 (S.D.N.Y. 2025) ("[T]here is no private cause of action under the DTSA for aiding and abetting misappropriation of trade secrets."); *W. Energy Opportunities II, LLC v. Finalis Sec., LLC*, No. 24-CV-2565 (ER), 2025 WL 935201, at *9 (S.D.N.Y. Mar. 26, 2025) (dismissing DTSA claims based on mere "indirect supervision"). It would be a particularly insidious reading of the DTSA to hold counsel liable for drafting commercial contracts and providing other standard legal services. Again, Dorsey advised Plaintiffs of this problem in the Firm's April 6 letter, but Plaintiffs have done nothing to address it in the Amended Complaint. Given that all federal claims against Dorsey—RICO and DTSA—must be dismissed, the Court should decline to exercise pendent jurisdiction over the remaining state law claims against the firm. *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010).

Plaintiffs' use of prolix allegations should not divert attention from the thrust of this suit—accusing lawyers of RICO violations merely for serving as transactional counsel for a long-time client to obstruct their representation of that client in other proceedings. Dorsey submits that Plaintiffs' counsel's history of misconduct, the groundless nature of this suit against opposing counsel merely for serving as lawyers, Plaintiffs' disregard for the rules of personal jurisdiction, and the misstatements of fact in the Complaint identified by co-Defendants, warrants dismissal with prejudice. *See Indiezone, Inc. v. Rooke*, No. 13CV04280, 2014 WL 4354122, at *4 (N.D. Cal. Sept. 2, 2014), *aff'd*, 720 F. App'x 333 (9th Cir. 2017). Additionally, Dorsey requests that the deadline for filing a motion to dismiss be held in abeyance pending the Court's ruling on its Motion for Sanctions, which seeks case-terminating sanctions.

Respectfully submitted,

John K. Villa

John K. Villa
Admitted *pro hac vice*