**Matthew M. Karlan**
+1.212.692.8157
MKarlan@mintz.com

MINTZ

919 Third Avenue
New York, NY 10022
212 935 3000
mintz.com

July 1, 2026

**BY ECF**
Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *ADMI et al. v. ABG et al.*, Civil Action No. 25-cv-7301 (MKV)

Dear Judge Vyskocil:

We write on behalf of all Defendants in response to the June 29, 2026 letter filed by Sweetnam Schuster & Schwartz LLC ("Sweetnam")—which has recently appeared as additional counsel representing Plaintiffs Experiential Ventures Hospitality, LLC, Experiential Hospitality Holdings, LLC, Christopher Schroeder, Mark Korros, Kent Purdy, and William Killian (the "Experiential Plaintiffs") (Dkt. 190)—and Sweetnam's related sealing request (Dkt. 188).

The Experiential Plaintiffs' request that the Court delay ruling on Defendants' fully briefed sanctions motions so that they can take a third attempt at pleading is emblematic of Plaintiffs' vexatious approach to this entire litigation. It should be denied; the case should be dismissed with prejudice; and Defendants should be awarded their reasonable costs and fees.

As a threshold matter, Sweetnam does not represent Plaintiffs ADMI Inc. and SIR Inc. (Letter at 1 n.1.) Thus, there is no basis to delay ruling on the sanctions motions as to those Plaintiffs. Nor is there any basis to delay in assessing sanctions against attorneys Dollinger and Lonergan individually. As to the remaining, newly-dubbed "Experiential" Plaintiffs, there is equally no basis to delay a ruling or further dilate these proceedings.

First, and fundamentally, all of the Plaintiffs are bound by the actions of their chosen agents and counsel of record in this action, Douglas R. Dollinger (of the Law Offices of Douglas R. Dollinger, PC) and Lawrence R. Lonergan (of The Lonergan Law Firm, LLC). "Normally, the conduct of an attorney is imputed to his client, for allowing a party to evade 'the consequences of the acts or omissions of [ ]his freely selected agent' 'would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" *S.E.C. v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962)). "[T]he Court need not consider whether [a party's] current assertions of ignorance are accurate or not. For it is black letter law that a party is … considered to have notice of all facts, notice of which can be charged upon the attorney," as "the legal process could hardly function if this were not true." *Bailey v. Pataki*, 952 F. Supp. 2d 626, 628 (S.D.N.Y. 2013) (citation to *Link* and quotation marks omitted).

The Experiential Plaintiffs cite no case law and provide "no reason to eschew application of the general rule that civil litigants are bound by the acts and omissions of their freely selected attorneys." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 271 (2d Cir. 1999); *see also Flycatcher Corp. v. Affable Ave. LLC*, 2026 WL 306683, at *13 (S.D.N.Y. Feb. 5, 2026) (citing *Link* in issuing terminating sanction for counsel's AI misuse, declining to "excuse … a client from its attorney's misdeeds"). Dollinger's "egregious conduct may warrant a malpractice suit," but it does not prevent dismissal. *McNulty*, 137 F.3d at 736 (citation and quotation marks omitted).

<u>Second</u>, the Experiential Plaintiffs' request is untimely. They sat on their hands for at least a month after receiving the information on which their application is based. They seek a "do over" because they received the May 7 hearing transcript on May 27 instead of when it was first filed on May 14. (Letter at 2.) But Sweetnam's letter provides no explanation for why those Plaintiffs stayed silent for a month while the parties proceeded to file and fully brief Defendants' sanctions motions at significant expense. Defendants publicly filed their pre-motion letters on April 6, 2026, giving clear notice both that "Rule 11 letter[s]" had been served and that the complaint might be "stricken" for containing apparent "AI hallucinations."[1] If that were not enough, the May 28 notices of motion (e.g., Dkt. No. 150), this Court's June 1 Order to Show Cause (Dkt. No. 155), and Defendants' renewed pre-motion letters—which likewise referenced "Defendants' pending sanctions motions" (Dkt. 159)—were all publicly filed. Indeed, there are approximately 39 references to "sanctions" on this case's public docket sheet.

Sweetnam's letter acknowledges that the firm has represented all but one of the Experiential Plaintiffs in the Delaware actions since November 2025; that the Delaware actions and this one are closely related; that Sweetnam has been in contact with its clients and opposing counsel regarding this action; and, most importantly, that Sweetnam and its clients have been in possession of the May 7 hearing transcript since at least May 27, 2026 (having first learned of its contents on a May 22 call). (Letter at 1-2.) Even without the transcript, and even crediting Sweetnam's unverified "understand[ing] that Mr. Dollinger and his co-counsel never provided the Experiential Plaintiffs with copies of Defendants' Rule 11(c)(2) 'safe-harbor' letters" (Letter at 2), the public filings in this case put the world on notice of the Rule 11 issue since at least April 6, 2026—nearly three months ago. The Experiential Plaintiffs' extreme lack of diligence forecloses their latest play for time. *See, e.g.*, *1199SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, No. 1:22-CV-00531 (LJL), 2022 WL 17251772, at *4-5 (S.D.N.Y. Nov. 28, 2022) (rejecting "Respondents' efforts to blame their arbitration counsel Jasinski for their failure to respond to the Petition" where "[t]heir attitude can be described as lackadaisical at best").[2]

<u>Third</u>, the Experiential Plaintiffs' efforts to distance themselves from their counsel's conduct is belied by their intimate involvement in this case over the past ten months. Both the

---

[1] The ABG and T+L Defendants' letter clearly stated: "On March 13, 2026, the ABG and T+L Defendants sent Plaintiffs a Rule 11 letter and motion." (Dkt. No. 120 at 1 n.1.) Likewise, that letter put Plaintiffs on notice that the complaint might be "stricken outright given its apparent misuse of AI 'hallucinations'." (*Id.* at 1.)

[2] The Rule 11 letters (which were publicly filed on May 28, *see* Dkt. No. 151-1) are ultimately a red herring, as the Court has the authority to issue sanctions irrespective of the safe-harbor. (*See* Dkt. No. 178 (sealed) at 3.)

original Complaint (filed in apparent retaliation for the Delaware actions) and the FAC were verified by Plaintiffs Schroeder and Purdy, who now seek to retreat from their prior pleadings as if they had no knowledge of them. Moreover, while the Experiential Plaintiffs, including Schroeder, now "withdraw their support of the … the motion to disqualify the Mintz Levin law firm," it was Schroeder himself who filed not one but two declarations in support of that motion (*see* Dkt. No. 105-1, 127), which Mintz was forced to oppose. (*See* Dkt. Nos. 112-115.) The same is true regarding Plaintiffs' previously abandoned preliminary injunction motion, which Schroeder again supported through an extensive declaration (Dkt. No. 97) and which Defendants again opposed (e.g., Dkt. No. 124, 125). The record establishes that the Experiential Plaintiffs and their new counsel were well aware of the grounds supporting sanctions here.[3]

Finally, the Experiential Plaintiffs cannot claim ignorance of the pattern of misconduct long perpetrated by their chosen counsel. (*See* Dkt. 178 (sealed) at 10 n.10 (collecting rulings involving Dollinger).) Merely googling Dollinger's name would reveal that he was only recently admonished by a court in this District for his misuse of artificial intelligence.[4] And to the extent Plaintiffs seek to argue that Dollinger was insufficiently communicative, they thereby put their attorney-client communications at issue, waiving privilege as to that subject matter, contrary to their current sealing request, which should be denied. *See Freeman v. Giuliani*, 2024 WL 5202554, at *3-4 (S.D.N.Y. Dec. 23, 2024).[5] There is little doubt that if the Court entertains this argument—which opens a Pandora's box whenever it is asserted—there will need to be evidentiary hearings where the Experiential Plaintiffs and their lawyers must testify and their communications must be examined.

In short, the time for "reviewing the docket" to "narrow and streamline this case" (Letter at 1) has long passed. Indeed, we have heard these promises before.[6] Defendants respectfully request a ruling on their fully briefed sanctions motions.

---

[3] For instance, the ABG and T+L Defendants' motion showed that sanctions are appropriate because the Complaint and Amended Complaint falsely verify that SHV paid the royalties due to ABG, when in fact Schroeder's own contemporaneous emails admit to a default. (Dkt. No. 153 (sealed) at 16.) Likewise, Schroeder was personally aware that his "secret meeting" allegations were false. (*Id.* at 18.) Even the pleadings filed by Sweetnam and its Delaware co-counsel in the Delaware proceedings support the sanctions motions, further demonstrating that "SHV lacked capital necessary to perform its obligations." (*See id.* at 16-17 (quoting Dkt. No. 123-2 ¶ 6).)

[4] https://www.law360.com/articles/2410714/ny-judge-declines-sanctions-for-citation-errors-again

[5] In any event, the communications the Experiential Plaintiffs seek to seal are not privileged because they were made "after the termination of [their] attorney-client relationship," *United States v. Tomero*, 471 F. Supp. 2d 448, 451 (S.D.N.Y. 2007), with Dollinger by "June 25, 2026 at 4:43 pm Eastern." (Dkt. No. 190-1.) And even redacted, the documents reflect, by Sweetnam's own characterization, "adversarial communications." (*Id.*). Indeed, each of Dollinger's messages ends with a reservation of "claims" and "remedies" against his former clients. (Dkt. Nos. 190-1, 190-2.) They are not "cooperat[ing] in developing a common legal strategy." *Brunckhorst v. Bischoff*, 2022 WL 2764020, at *1 (S.D.N.Y. July 15, 2022). Rather, "Sweetnam is working on their own strategy." (Dkt. No. 190-1.)

[6] (*See* Dkt. No. 126 (Plaintiffs claiming in April that their amendments will "clarify, and refine the allegations, refine the pleading and promote judicial efficiency by potentially narrowing or obviating anticipated motion practice"); Dkt. No. 138 (Plaintiffs claiming in May that the FAC "substantially streamlines and reorganizes the prior pleading").)

MINTZ

Respectfully submitted,

*/s/ Matthew M. Karlan*

Matthew M. Karlan

Cc: All counsel of record