Law Office of
Douglas R. Dollinger, P.C.
& Associates, Counselors at Law

Telephone
845.741.9363

Affiliated Offices
San Francisco, California
New York City, New York

Admitted to Both State
and Federal Practice

570 County Route 49
Middletown New York 10940
ddollingeresq@gmail.com

July 2, 2026

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *ADMI Inc., et al. v. Authentic Brands Group, LLC, et al.*,
Case No. 1:25-cv-07301-MKV

Your Honor:

I respectfully submit this letter in response to the June 29, 2026, submissions filed by successor counsel for the Experiential Ventures Hospitality, LLC ("EVH"), Experiential Hospitality Holdings, LLC ("EHH") and Individuals Christopher Schroeder, Mark Korros, Kent Purdy and William Killian. (Collectively the "Experiential Plaintiffs"). I do not seek to prolong a dispute between counsel, nor do I intend to respond point-by-point to every factual assertion contained in those submissions. However, because successor counsel requests affirmative relief affecting the scope of this litigation, the pending sanctions proceedings, prior motions filed on behalf of the Plaintiffs, and the relationship between the New York and Delaware actions, I respectfully believe the Court should have a complete chronology and an understanding of why my withdrawal occurred before granting the requested relief.

My withdrawal from representing the Experiential Plaintiffs did not result from any disagreement with those clients. Rather, it resulted from developments occurring during the related Delaware proceedings that created an actual and continuing conflict between my obligations to those parties and my continuing professional duties to ADMI, Inc. and SIR, Inc. ("ADMI" and "SIR"), whom I continue to represent in this action. My withdrawal therefore arose from ethical obligations, not from any dispute with the Experiential Plaintiffs themselves.

A conflict developed during the related Delaware proceedings arising from two matters bearing on the interests of all Plaintiffs. The first concerns Dorsey & Whitney LLP's prior and continuing representation of Sports Hospitality Ventures ("SHV"), EVH, and related parties, and the Plaintiffs' entitlement to the turnover of client files and related materials. The governing Operating Agreements expressly identify Dorsey & Whitney as counsel to SHV and EHH, a fact bearing directly on the conflict questions. The second concerns the proper forum for adjudicating claims affecting the independent contractual and statutory rights of the Experiential Plaintiffs, ADMI and SIR, given that the governing transaction documents were drafted by Dorsey and that significant affirmative claims were being asserted in Delaware. In my view, the conflict and forum issues warranted resolution before substantive litigation decisions were made.

Those issues were significant because they were never limited to a dispute concerning Delaware corporate governance. In my judgment, they implicated the same integrated contractual framework that forms a substantial part of the claims presently pending before this Court. The Sports Illustrated License Agreement, Amendment No. 3, the Contribution Agreement, the SHV Operating Agreement, and the EHH Operating Agreement were negotiated and executed as components of a single integrated contemporaneous transaction. The claims asserted in this Court concerning the License Agreement, the alleged wrongful default, the termination of the License, the creation of governance deadlocks, and the conduct alleged in support of the RICO claims cannot be viewed as separate or in isolation from those integrated agreements.

The Complaint and First Amended Complaint present one of the principal disputes concerning the alleged $30 million contractual default and the proper forum for adjudicating that issue. ADMI and SIR maintain that those claims were properly asserted in this Court and were not compulsory counterclaims under Delaware Court of Chancery Rule 13(a). The Sports Illustrated License Agreement contains a mandatory New York forum-selection provision. The SHV Operating Agreement did not replace that contractual provision; rather, it implemented the business relationship established by the License Agreement. SHV exists because of the License Agreement, and Amendment No. 3 transferred the License into SHV as part of that integrated transaction. ADMI and SIR maintain that disputes concerning the existence, interpretation, performance, default, termination, cancellation, or economic rights arising from the License Agreement remain governed by the parties' New York forum-selection provision unless expressly modified by subsequent contract, and that no agreement displacing that provision exists.

Significantly, the Delaware action and the New York action seek fundamentally different relief for fundamentally different injuries. The Delaware proceedings principally concern limited corporate governance, management, fiduciary obligations, and an accounting for funds allegedly contributed or loaned by Kituwah LLC to EHH and SHV. By contrast, this action seeks relief for the alleged wrongful default and termination of the Sports Illustrated License Agreement, interference with contractual rights, and the separate statutory injuries alleged under RICO for the unlawful misappropriation of their trade secrets and other claims. Although the actions involve some overlapping factual circumstances, they are directed to different legal rights, different injuries, different measures of damages, and, in several respects, different parties.

That distinction bears directly upon the relief requested by successor counsel. ADMI was not merely another participant in the Delaware governance litigation. ADMI is an original contracting party to the Sports Illustrated License Agreement and possesses independent contractual and statutory rights that are asserted in this action. Those rights are separate from the governance issues pending in Delaware. The concern was that claims materially affecting ADMI's and SIR's contractual interests could be narrowed, transferred, waived, abandoned, or litigated in Delaware without adequately preserving their independent rights in this Court. Those forum and conflict issues remained unresolved as the Delaware proceedings continued and ultimately contributed to the circumstances requiring my withdrawal.

These developments ultimately required my withdrawal from representing the Experiential Plaintiffs. Once it became apparent that issues affecting ADMI's and SIR's independent contractual rights would continue to arise in both the Delaware proceedings and this action, I concluded that I could no longer continue the joint representation while simultaneously fulfilling my continuing professional obligations to ADMI and SIR. Accordingly, I withdrew from representing the Experiential Plaintiffs while continuing to represent ADMI and SIR.

The chronology surrounding June 25 and June 26, 2026, should be viewed in its proper context. On June 25, efforts were underway to facilitate an orderly transition of certain claims to the Delaware proceedings for handling by Delaware counsel. To that end, I forwarded a proposed form of consent order with the expectation that Delaware counsel would review and revise it as they deemed appropriate before any action was taken, while I remained obligated to protect the independent rights of ADMI and SIR in this action. My purpose was to preserve the parties' respective rights, avoid unnecessary prejudice, and facilitate an orderly transition of those claims while allowing Delaware counsel to determine the appropriate course of action in the Delaware proceedings.

Later that afternoon, I received correspondence advising that Delaware counsel would thereafter direct litigation strategy concerning the transfer of certain claims to the Delaware proceedings. In light of those developments, I determined that I could no longer continue the joint representation while fulfilling my continuing professional obligations to ADMI and SIR and presented the issues to Delaware counsel and the Experiential Plaintiffs. On June 26, before I received any notice of substitution-termination, I advised the Experiential Plaintiffs that I intended to seek leave of this Court to withdraw from representing them while continuing to discharge my obligations as counsel of record until relieved by the Court and continuing to represent ADMI and SIR.

The June 29 submission also suggests that information or litigation materials were intentionally withheld from the Experiential Plaintiffs. Respectfully, that is not accurate. I remained in contact with the Experiential Plaintiffs following the Court's May 7 conference and throughout these proceedings. Litigation materials were maintained through my office in the ordinary course, and I am unaware of any written request for litigation materials that was refused. Many of the relevant filings were also publicly available through PACER. Nor did I withhold the May 7 transcript. By the time the transcript became available, Delaware counsel had already obtained a copy independently.

I also wish to clarify one additional matter. Nothing contained in this submission seeks to relieve the Experiential Plaintiffs of the consequences of litigation decisions previously made while they were represented by undersigned counsel. To the contrary, I have consistently accepted responsibility for my own work and have never attempted to shift responsibility to any client or successor counsel. My position has been, and remains, that any sanction relating solely to citation errors or drafting deficiencies should be directed to me personally, if the Court concludes sanctions are appropriate. The present submission concerns a different issue entirely: whether the independent contractual, statutory, and procedural rights of ADMI and SIR may be altered, narrowed, waived, transferred, or otherwise affected through requests made by counsel who do not represent those parties.

Finally, I respectfully note that successor counsel asks the Court not only to recognize their appearance, but also to withdraw previously filed motions, streamline the litigation, and potentially affect claims presently pending before this Court. Those requests may directly affect the independent contractual, statutory, and procedural rights of ADMI and SIR. Accordingly, ADMI and SIR respectfully submit that no relief should be granted that impairs their independent rights or assumes that successor counsel may seek relief on behalf of parties whom they do not represent.

I respectfully submit this chronology solely to provide the Court with an accurate record concerning the transition of representation and the circumstances surrounding it. I respectfully leave all issues to the Court.

Respectfully submitted,

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger
Counsel for Plaintiffs