USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADMI INC, et. al.,

Plaintiffs,

-against-

AUTHENTIC BRANDS GROUP, LLC; et. al.,

Defendants,

and

SPORTS HOSPITALITY VENTURES, LLC, et. al.,

Nominal Defendant.

1:25-cv-7301-MKV

**ORDER DIRECTING PLAINTIFFS, DOUGLAS R. DOLLINGER, AND OTHER PLAINTIFFS' COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**

MARY KAY VYSKOCIL, United States District Judge:

As the Parties and counsel are well aware, the Court has before it motions by all Defendants to sanction Plaintiffs and their counsel. *See* [ECF No. 155] (citing [ECF Nos. 141, 144, 147, 150]). Those motions have been more than fully briefed, with the record now including, *inter alia*, opening briefs, declarations, and exhibits in support of the motions, [ECF Nos. 142, 145, 148, 149, 151, 153]; a separate opposition to each motion, [ECF Nos. 167-2–5], accompanied by a declaration executed under penalty of perjury by Plaintiffs' attorney Douglas R. Dollinger, [ECF No. 167-1]; reply briefs, a declaration, and an exhibit in further support of the motion, [ECF Nos. 169, 171, 174, 178, 179]; and a sur-reply brief and supplemental declaration again executed by Mr. Dollinger in further opposition to the motions, [ECF No. 186].

Unfortunately, just as this round of briefing closed, yet another one opened. New counsel has appeared for certain of the Plaintiffs in substitution for Mr. Dollinger. *See* [ECF Nos. 183–185] (reflecting appearances on behalf of Plaintiffs Experiential Ventures Hospitality, LLC, Experiential Hospitality Holdings, LLC, Christopher Schroeder, Mark Korros, Kent Purdy, and

William Killian). In response, Mr. Dollinger, the new lawyers, and the Defendants are now arguing on the public docket about the scope and effects of a disagreement between Mr. Dollinger, the new lawyers, and their once-mutual clients. *See* [ECF Nos. 188–192].

Through Mr. Dollinger, "Plaintiffs ADMI-SIR [sic]," which are not represented by the new lawyers, have requested oral argument on the pending motions for sanctions. [ECF No. 187]. As all Parties and counsel have been aware since at least April, *see* [ECF Nos. 116, 118, 119, 120], Mr. Dollinger is at risk of sanctions in this case. Indeed, all Plaintiffs were served with Rule 11 motions as early as the middle of March. *See* [ECF No. 119] at 1; [ECF No. 120] at 1 n.1. The Court has reiterated this risk to Mr. Dollinger and the Plaintiffs explicitly, including at the May 7, 2026, conference. *See* [ECF No. 135] at 9:23–10:1, 12:22–13:5; [ECF No. 155]. That said—because three new lawyers have since appeared on behalf of certain Plaintiffs, and because the role of Lawrence R. Lonergan, who appears on Plaintiffs' pleadings but not on the docket, remains unclear—the Court will hear from counsel and the Parties in person one final time before resolving the sanctions motions.

Accordingly, it is HEREBY ORDERED that all Parties and counsel shall appear before the Court on October 7, 2026, at 2:00 p.m., at which time Plaintiffs, Douglas R. Dollinger, and Plaintiffs' other counsel shall show cause why sanctions should not be imposed.

**The Parties and all counsel, and in particular Plaintiffs' counsel, are on notice that failure to comply with Court Orders, the Federal Rules of Civil Procedure, the Local Rules, this Court's Individual Rules of Practice in Civil Cases, or any applicable rules governing professional ethics or conduct may result in sanctions, including monetary sanctions on counsel and/or the Parties; preclusion of claims, defenses, evidence, and motion practice; and dispositive, case-terminating sanctions.**

**SO ORDERED.**

**Date: July 7, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**