*Law Office of*
*Douglas R. Dollinger, P.C.*
*& Associates, Counselors at Law*

Telephone
845.741.9363

Affiliated Offices
San Francisco, California
New York City, New York

Admitted to Both State
and Federal Practice

570 County Route 49
Middletown New York 10940
ddollingeresq@gmail.com

August 17, 2026

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: ADMI Inc., et al. v. Authentic Brands Group, LLC, et al., No. 1:25-cv-7301 (MKV)**
**Request for Pre-Motion Conference Concerning Appointment of Special Master**

Your Honor:

Plaintiffs ADMI Inc. ("ADMI") and SIR Inc. ("SIR") respectfully request a pre-motion conference and leave to move for the limited appointment of a neutral Special Master pursuant to Federal Rule of Civil Procedure 53 to conduct an evidentiary inquiry concerning whether Sweetnam Schuster & Schwartz LLC ("Sweetnam") may represent or otherwise participate on behalf of certain Plaintiffs in this action. The request is directed to a discrete attorney-client conflict issue.

## I. A Neutral Proceeding Is Necessary Because the Conflict Inquiry Itself Implicates Protected Client Information

Sweetnam has represented individuals Chris Schroeder, Kent Purdy, Mark Korros, William Killian and Experiential Ventures Hospitality, LLC (collectively the "Experiential Plaintiffs") in related Delaware proceedings since November 2025. On June 29, 2026, Sweetnam entered this action and advised the Court that it intended to "narrow and streamline" the Experiential Plaintiffs' claims, confer with Defendants' counsel concerning that process, withdraw support for previously filed motions, and potentially "mov[e]" viable claims from this Court to Delaware. ECF No. 190 at 1. Sweetnam further disclosed that, before appearing here, it had communicated with Kaplan Martin LLP, counsel for Kituwah in both forums, concerning proceedings before this Court and had obtained the May 7 transcript from that firm. ECF No. 190 at 2.

ADMI and SIR do not challenge the Experiential Plaintiffs' right to counsel of their choosing. ADMI, SIR, and the Experiential Plaintiffs were jointly represented by undersigned counsel in this action from approximately April 9, 2025 to June 26, 2026, and ADMI and SIR are accordingly co-holders of the privilege in the confidential litigation materials, strategy communications, and client files that Sweetnam received in the course of that aligned representation. See N.Y. R. Prof'l Conduct 1.9(c), 1.10; Local Civ. R. 1.5(b)(5). The record presents a genuine question whether Sweetnam's

prior and continuing representation, its receipt of confidential communications and litigation information through the Delaware representations, and the litigation positions it has taken or proposes to take in this action place it in a position adverse to ADMI and SIR. The claims Sweetnam proposes to move are subject to a mandatory forum selection clause designating New York as the exclusive forum. Sweetnam's proposal to withdraw those claims from this Court and reassert them in Delaware would therefore relinquish a contractual right held under an integrated agreement structure in which ADMI and SIR hold a collective interest.

The conflict inquiry necessarily implicates attorney-client communications, litigation instructions, representation relationships, the Dorsey &Whitney LLP ("Dorsey") conflict, forum strategy, and decisions concerning claims asserted in both forums. Those subjects overlap materially with issues this Court may later be required to decide, including forum, contractual integration, claim allocation, waiver, and the relationship between the Delaware proceedings and the federal claims pending here. Plaintiffs therefore seek a procedure that protects attorney-client privilege and the Court from unnecessary exposure to a confidential record bearing upon later merits determinations.

Federal courts possess inherent authority to protect the integrity of their proceedings by addressing attorney conflicts. *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). That authority is particularly implicated where counsel may possess confidential information capable of being used adversely to a client. *Id.*; *Evans v. Artek Systems Corp.*, 715 F.2d 788, 791 (2d Cir. 1983).

## II. Rule 53 Provides an Appropriate Mechanism for a Limited Neutral Inquiry

Rule 53(a)(1)(C) permits appointment of a master to address a pretrial matter that cannot be effectively and timely addressed by an available district or magistrate judge. Rule 53 further authorizes the Court to define the master's duties, regulate ex parte communications, establish the record, and authorize the master, when conducting an evidentiary hearing, to compel, take, and record evidence. Fed. R. Civ. P. 53(b)(2), (c)(1)(C).

The Advisory Committee identifies privilege review as an appropriate pretrial function for a special master. See Fed. R. Civ. P. 53 advisory committee's note to 2003 amendment. In *Winfield v. City of New York,* No. 15-cv-5236 (LTS) (KHP), 2018 WL 2148435, at *9 (S.D.N.Y. May 10, 2018), the court rejected an adversarial "quick peek" at documents claimed as privileged and determined that appointment of a Special Master to conduct privilege review under Rule 53 was warranted.

Courts in this Circuit likewise recognize that a party should not be required to surrender the confidentiality it seeks to protect merely to establish a conflict. In *Decora Inc. v. DW Wallcovering, Inc.,* 899 F. Supp. 132, 137–38 (S.D.N.Y. 1995), the court conducted an ex parte, in camera hearing because establishing the substantial relationship and disclosure of confidences necessarily implicated the former client's confidential information. The court explained that "[t]he former client should not have to disclose such confidences to an adversary as the price of obtaining disqualification." Id. at 138.

This case presents precisely the concern warranting a limited neutral referral. The evidence necessary to determine Sweetnam's ability to participate is intertwined with substantive questions the Court may later adjudicate, including jurisdiction, forum, contractual integration, waiver, cross-forum litigation decisions, and allocation of related claims. Requiring the merits Court to receive the full privileged record risks unnecessary exposure to confidential communications bearing directly upon those issues, while ordinary adversarial presentation risks disclosure of the very confidences the inquiry must protect. A narrowly confined Special Master proceeding avoids both problems while preserving this Court's ultimate adjudicative authority.

**III. Proposed Limited Scope of Appointment**

Plaintiffs would request an appointment strictly limited to determining whether Sweetnam and its attorneys may continue to participate in this action consistently with their present and former professional obligations. The Special Master would be authorized to:

1. receive relevant nonprivileged submissions from the affected parties and counsel;
2. receive privileged or confidential evidence in camera and, where necessary to preserve privilege, ex parte;
3. conduct a limited evidentiary hearing concerning the scope of Sweetnam's representations, information received, communications relevant to the conflict, and the proposed New York representation;
4. maintain protected materials outside the ordinary merits record except to the extent disclosure is necessary and ordered;
5. make findings and recommendations addressing the conflict and any appropriate protective measures; and
6. provide the Court a narrowly tailored report sufficient for judicial review under Rule 53(f), without unnecessary disclosure of the underlying privileged communications.

All parties would receive the notice and opportunity to be heard required by Rule 53(b)(1). Plaintiffs seek protected treatment only for privileged or confidential evidence, with ultimate determination remaining with this Court under Rule 53(f).

The need for such protection is not theoretical. Plaintiffs previously advised the Court that developments in the Delaware proceedings created an actual conflict between obligations owed to the Experiential Plaintiffs and the independent rights of ADMI and SIR, including disputes concerning Dorsey's prior representation, file turnover, forum, and the integrated contractual structure. The July 2 submission (ECF 192) further advised that successor counsel sought relief capable of affecting ADMI's and SIR's rights despite not representing those parties.

Plaintiffs therefore respectfully request a pre-motion conference and permission to move for appointment of a neutral Special Master pursuant to Rule 53 for this limited purpose. Pending resolution of that motion, Plaintiffs further request that Sweetnam refrain from taking affirmative action in this matter that would alter, withdraw, transfer, compromise, or otherwise affect claims or rights of ADMI or SIR.

Respectfully submitted,
*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq.
Counsel for Plaintiffs ADMI Inc. and SIR Inc.