*Law Office of*
*Douglas R. Dollinger, P.C.*
*& Associates, Counselors at Law*

Admitted to Both
State and Federal Practice

**Telephone**
845.741.9363

**Affiliated Offices**
San Francisco, California
New York City, New York

570 County Route 49
Middletown, New York 10940
ddollingeresq@gmail.com

September 1, 2026

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *ADMI Inc., et al. v. Authentic Brands Group LLC, et al.* Case No. 1:25-cv-07301-MKV
Request for Determination of Pending Rule 53 Application Before Oral Argument

Your Honor:

Plaintiffs ADMI Inc. ("ADMI") and SIR Inc. ("SIR") respectfully request that the Court determine their pending application for appointment of a limited Special Master pursuant to Federal Rule of Civil Procedure 53 before the October 7 oral argument on the fully briefed sanctions motions.

The application should be determined now because the plaintiffs no longer present a unified position concerning sanctions, responsibility for the challenged filings, continued prosecution and protection of their claims. Sweetnam, Schuster & Schwartz LLC ("Sweetnam") has appeared for EVH, EHH, Schroeder, Korros, Purdy, and Killian (the "Experiential Plaintiffs") and has taken positions materially divergent from those of ADMI and SIR. Although counsel accepts responsibility for the citation and parenthetical errors while maintaining that the cited cases exist and the underlying principles of law remain applicable, those divergent positions may affect how sanctions are argued, responsibility is allocated, and whether the respective plaintiffs' claims are fully and properly protected.

Leaving the Rule 53 application unresolved until after oral argument risks allowing disputed questions of representation, authority, adversity, and use of information to affect both the sanctions determination and the future of the action without first determining who was authorized to take the positions now being asserted.

**I. The Divergent Positions Among Plaintiffs May Affect the Oral Argument and Disposition of the Action**

The sanctions motions seek relief against plaintiffs and counsel, including dismissal. The Experiential Plaintiffs, through Sweetnam, have sought to separate themselves from counsel's conduct and potential sanctions exposure. ADMI and SIR maintain that this action rests upon documented transactions, integrated agreements, and viable claims that should be decided on their merits and include a mandatory forum selection clause expressly placing jurisdiction in New York.

This divergence may attribute responsibility to counsel, disclaim prior litigation decisions, undermine jointly asserted allegations, or prejudice other plaintiffs' claims. It may also affect the

Court's assessment of who authorized the pleadings, what information supported them, and which claims should continue.

The Court should not be required to resolve those matters implicitly during sanctions argument, nor should ADMI and SIR be required to defend their claims against representations advanced by attorneys who previously received information while representing aligned parties in closely related proceedings.

The Rule 53 application presents factual questions concerning what information Sweetnam received and for what purpose; its participation in the parties' previously aligned strategy; its communications with defendants or their counsel; its authority to take subsequent positions; and whether those positions became materially adverse to ADMI and SIR. Sweetnam has also characterized the contemplated $300 million in project financing as an unconditional commitment without accounting for the conditions, project-specific requirements, approval rights, and deadlocked governance established by the integrated agreements or the holding by the Delaware Federal Court related to the underlying promissory notes creating the funding obligations and share ownership as well as Dorsey's dual and continuing representation of ADMI, EVH, SHV, EHH and Kituwah without disclosing the conflict to the Federal or Chancery Courts. The parties' rights are governed by the agreements they executed with Dorsey as their Counsel, not later litigation characterizations proven different by the documents as drawn and undisclosed to those Courts.

Those agreements also bear upon EHH and SHV actual understanding of the agreements and Sweetnam's contrary positions. Theses companies operated through deadlocked governance, and actions affecting EHH and SHV obligations under the ABG License and the integrated venture agreements which defined the parties contractual rights. Actual authorization and performance required nonmember project approval placed exclusively with Kituwah through the deadlock.

ADMI and SIR further contend that Sweetnam communicated with Kaplan Martin and other defense counsel about this action without consultation with or notice to counsel then representing the aligned plaintiffs. The circumstances and effect of those communications bear upon whether Sweetnam's intervention divided the plaintiffs and impaired a unified sanctions response.

These matters are not presented for final determination here. They demonstrate why Rule 53 should be decided before the disputed conduct produces irreversible consequences.

**II. The Procedural Status of the Sanctions Motions Heightens the Need for a Prior Determination**

The sanctions motions' procedural foundation further heightens the need for a prior determination. The March 13 and March 17 Rule 11 packages principally asserted merits and factual objections, including RICO sufficiency, jurisdiction, immunity, contractual interpretation, factual support, and improper purpose. Neither the March 13 nor 17 letters identified fabricated authorities, AI-generated citations, citation-verification failures, or counsel's later statements as conduct requiring correction.

Those citation issues were first expressly raised in defendants' April 6 pre-motion letters. The following day, consistent with the Court's March 5 Order directing amendment under Rule 15(a), plaintiffs filed ECF No. 126, elected to amend, requested thirty days, and represented that defendants' objections would be addressed in a consolidated pleading. On May 7, the Court struck the original Complaint with leave to amend by May 21. Plaintiffs timely filed a substantially revised and reduced pleading that addressed defendants' objections and removed the challenged citation material.

Defendants filed their sanctions motions seven days later. Those motions exceeded the March packages by relying upon citation issues first raised April 6, counsel's May 7 statements, alleged deficiencies in the May 21 pleading, and other post-March conduct. No new Rule 11 motion identifying that conduct or directed to the amended pleading was served, and no new opportunity for correction was provided.

The Court's selection of May 28 to avoid motion practice "in steps" did not determine compliance with Rule 11(c)(2), shorten its required correction period, or excuse defendants from serving a motion identifying the specific sanctionable conduct. The Court permitted defendants to file their motions; it did not relieve them of complying with the Rules governing those motions.

*Castro v. Mitchell*, No. 09 Civ. 3754 (WHP) (GWG) (S.D.N.Y. Aug. 3, 2010), applying controlling Second Circuit authority, holds that these procedures safeguard due process and that noncompliant party-initiated motions must be denied. Plaintiffs' timely amendment and removal of the challenged material do not support a finding of bad faith.

These threshold defects are fully briefed and may be resolved at oral argument. Rule 53 should be determined first because Sweetnam's divergent positions may affect responsibility, the Court's understanding of each plaintiff's authority, and whether claims are dismissed, compromised, or abandoned.

**III. The Requested Rule 53 Process Is Limited**

ADMI and SIR do not seek to reopen sanctions briefing or convert oral argument into an evidentiary hearing. It is clear the Defendants' Motions fail to comply with Rule 11's due process and safe harbor mandates. The requested process concerns representation, authority, receipt and use of information, communications affecting this action, and the resulting divergence among plaintiffs.

A Special Master could examine the chronology, agreements, authorizations, and communications; protect privileged material in camera; and report findings without displacing the Court's authority over sanctions, conflicts, or the merits.

**IV. Requested Determination**

ADMI and SIR respectfully request that the Court grant or deny the pending Rule 53 application before the October 7 sanctions oral argument.

ADMI and SIR further request that the sanctions oral argument be held in abeyance until the Rule 53 application is determined.

This sequence does not prejudge sanctions or the representation issues. It permits the Court to address sanctions after determining whether unresolved questions of authority, adversity, information use, and divergent plaintiff positions have affected the record and due process rights of ADMI and SIR.

Respectfully submitted,

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger
Counsel for Plaintiffs ADMI Inc. and SIR Inc.