**Matthew M. Karlan**
+1.212.692.8157
MKarlan@mintz.com

MINTZ

919 Third Avenue
New York, NY 10022
212 935 3000
mintz.com

September 4, 2026

**VIA ECF**
Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *ADMI Inc., et al. v. Authentic Brand Groups LLC, et al.*, Case No. 25-cv-7301**

Dear Judge Vyskocil:

We write jointly on behalf of all Defendants in this action in response to the September 1, 2026 letter filed by Plaintiffs ADMI Inc. and SIR Inc., which requests "that the sanctions oral argument be held in abeyance until the Rule 53 application is determined." (Dkt. 205 at 3.)[1]

Defendants object to any further delay in the resolution of their motions for case-terminating sanctions, which have been "more than fully briefed" (Dkt. 193) since at least June 26, 2026, when Mr. Dollinger filed a sur-reply brief and supplemental declaration (Dkt. 186). The October 7 sanctions hearing was set by the Court in July after certain Plaintiffs sought to delay a ruling on the sanctions motions so that they could take a third attempt at pleading and/or seek to file additional briefing (Dkt. 190)—delay which Defendants opposed (Dkt. 191). In response, the Court ordered that it would "hear from counsel and the Parties in person one final time" on October 7 "before resolving the sanctions motions." (Dkt. 193.) Defendants respectfully submit that the Court should adhere to its order and that the hearing should not be further adjourned.

Finally, portions of the September 1 letter constitute an unauthorized *second* sur-reply on sanctions, arguing, for instance, that Plaintiffs were not afforded an adequate opportunity to withdraw their defective pleading. (Dkt. 205 at 2-3.) As Plaintiffs concede, these issues have been "fully briefed." (*Id.* at 1, 3.) Accordingly, Defendants will not substantively respond here unless invited to do so by the Court.

Respectfully submitted,

*/s/ Matthew M. Karlan*

Matthew M. Karlan

Cc: All Counsel of Record (via ECF)

---

[1] There is no Rule 53 motion pending, only a letter seeking a pre-motion conference. (Dkt. 202.)