**Matthew M. Karlan**
+1.212.692.8157
MKarlan@mintz.com

919 Third Avenue
New York, NY 10022
212 935 3000
mintz.com

October 2, 2026

**VIA ECF**
Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *ADMI Inc., et al. v. Authentic Brand Groups LLC, et al.*, Case No. 25-cv-7301**

Dear Judge Vyskocil:

On behalf of all Defendants in the above-referenced action, we write pursuant to the Court's October 1, 2026 Scheduling Order to address the impact, if any, of the Experiential Plaintiffs' Notice of Voluntary Dismissal (Dkt. 219) and letter (Dkt. 222) on the pending sanctions motions. Dkt. 224. Defendants respectfully submit that the Notice and letter have no impact on the sanctions motions and now, more than ever, it is clear that the only adequate and appropriate sanction is dismissal of all claims, brought by all Plaintiffs, with prejudice.

## I. The Court Retains Jurisdiction to Sanction All Plaintiffs

All Plaintiffs remain subject to this Court's authority to impose sanctions. Even assuming that the notice of partial voluntary dismissal is valid under Rule 41 with respect to the individual Plaintiffs,[1] "a voluntary dismissal does not deprive a district court of jurisdiction over a Rule 11 motion." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990). The Court retains the power to impose monetary sanctions and "a prohibition against refiling the complaint." *Id.* at 396–97.[2]

[1] The "Former Plaintiffs" cite no authority permitting a subset of plaintiffs to invoke Rule 41. Courts recognize that dismissing "fewer than all of the parties" is "governed by Rule 21 and not Rule 41." *Huang v. Shanghai City Corp.*, 2022 WL 2306870, at *3 (S.D.N.Y. June 27, 2022). Rule 41(a)(1) was designed for dismissal before defendants make "a significant commitment of time and money." *Cooter & Gell*, 496 U.S. at 397. Here, Plaintiffs have already forced Defendants to spend millions responding to frivolous pleadings, motions, and letters. In any event, the issue is ultimately immaterial to the Court's power to impose sanctions. The Court should also condition voluntary dismissal of EHH's claims on the dismissal being "with prejudice."

[2] *Accord Qureshi v. United States*, 600 F.3d 523, 525-26 (5th Cir. 2010) (holding a court has jurisdiction to impose, on notice, a "pre-filing injunction" or "injunction against future filings" even after voluntary dismissal); *Greene v. United States*, 169 Fed. Cl. 334, 341 (2024) (same).

## II. EVH Is Not Entitled to Amend as of Right, Nor Should the Court Grant it Leave

Because Plaintiff EVH already filed a First Amended Complaint ("FAC"), it has no right to amend again as a matter of course under Rule 15. EVH cites no authority for the proposition that it has another free amendment "[b]ecause the Court struck the original complaint." Dkt. 222 at 2 n.3. Rather, amendment pursuant to a court order extinguishes the right to amend as a matter of course. *See Davis v. Sedgwick Claim Mgmt. Servs., Inc.*, 2023 WL 6141170, at *5 (S.D.N.Y. Sept. 20, 2023). Moreover, Plaintiffs announced their intent to amend before the Court struck their pleading. *See, e.g.*, May 7, 2026 Tr. at 4:16-5:1, 8:6-24; Dkt. 126.

Thus, Plaintiffs must seek leave to file another pleading. While Defendants consent to EVH dropping claims and defendants *with* prejudice, they do not consent to the filing of an undisclosed proposed second amended complaint. Nor should the Court grant leave for such a filing, even if a motion for leave to amend had been timely filed (which it has not). Indeed, the Experiential Plaintiffs' proposal is particularly prejudicial to the T+L entities, which EVH proposes to keep in the case despite failing to explain what non-frivolous claims EVH could possibly assert against them.[3] Rather than facing one improper complaint, the T+L entities would face potentially two within a single case: one from ADMI and SIR and another from the Experiential Plaintiffs. Plaintiffs cite no authority permitting this type of vexatious multiplication of proceedings. Case-terminating sanctions are appropriate, and that sanction precludes amendment.

## III. The Court Should Reject Plaintiffs' Belated Safe-Harbor Arguments

After the sanctions briefing was completed, Plaintiffs argued for the first time that sanctions should not be imposed because they did not receive the benefit of Rule 11's 21-day safe harbor in connection with the FAC under *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153 (2d Cir. 2010). Plaintiffs' arguments are procedurally improper, constituting another unauthorized sur-reply. *See* Indiv. R. Prac. 4.A.iii. Any new arguments are therefore waived. *See CollegeStreet Imp. & Exp. (Tianjin) Co. v. TL x HF, LLC*, 777 F. Supp. 3d 238, 247 (S.D.N.Y. 2025). Even if these new arguments could be asserted now, however, they are devoid of merit.

*First*, the 21-day safe harbor does not apply to sanctions imposed pursuant to the Court's Order to Show Cause (Dkt. 155), *see New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, 2023 WL 2402820, at *3 (S.D.N.Y. Mar. 8, 2023), its inherent authority, *see Weiss v. Yotta Techs., Inc.*, 2025 WL 1190807, at *3 (S.D.N.Y. Apr. 22, 2025), or 28 U.S.C. § 1927, *see Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012).

*Second*, even where the 21-day period applies, it is subject to modification by the Court, which can set "another time" for compliance. *See* Fed. R. Civ. P. 11(c)(2). Thus, the rule "empowers" courts to "shorten … the safe harbor period." Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1337.2 (4th ed.). Here, the Court ordered Defendants to file a sanctions motion addressing both pleadings by May 28. *See* May 7, 2026 Tr. 13:2-5. And in the Order to Show Cause, the Court

[3] EVH is not the licensee under the License Agreement or a party to the Sublicense between SHV and T+L's subsidiary (Development 123) that is purportedly at issue. *See* FAC ¶¶ 12, 156; FAC Exs. 7C, 25.

gave Plaintiffs until June 15, 2026—18 days after the motions—to respond. Dkt. 155. At the latest, Plaintiffs should have withdrawn the FAC by that date, but did not.

*Third*, Plaintiffs' argument fails because the defects in the original and amended complaints are largely the same. A plaintiff may not avoid Rule 11 sanctions under *Lawrence* by amending his complaint to restate the same sanctionable assertions. *See Gong v. Sarnoff*, 2023 WL 5372473, at *9 (S.D.N.Y. Aug. 22, 2023). Here, as in *Gong*, Plaintiffs did not "withdraw" or "correct" the challenged complaint. Rather, they "reiterated [their] claims," "continu[ing] to assert the same allegedly frivolous and harassing allegations" in the FAC. *Id.* Defendants' sanctions motions catalogued the common defects between the two pleadings, noting that Plaintiffs "barreled ahead" and "repackage[d] the same allegations." *See* ABG & T+L Defs.' Mot. at 15, 19. Plaintiffs are properly subject to sanctions in connection with both their original and amended pleadings.[4]

*Finally*, the Second Circuit has "not reversed a district court's award of sanctions despite the moving party's 'failure to adhere to the procedural requirements of Rule 11' and its safe harbor where 'there [was] no indication that [the sanctioned party] would have corrected or amended its frivolous arguments even had it been given the opportunity.'" *Weiss v. David Benrimon Fine Art LLC*, 2021 WL 6128437, at *1 (2d Cir. Dec. 28, 2021) (citation omitted). ADMI and SIR have not withdrawn their allegations. And while the Experiential Plaintiffs now seek to change course, it is far too late. Even if the 21-day period did not begin until Sweetnam entered its appearance on June 26, 2026, it would have expired months ago. In short, because Plaintiffs "clearly refused to change [their] position," sanctions are "not procedurally improper." *Id.* at *2.

## IV. <u>There Is No "Conflict" Insulating the Experiential Plaintiffs From Sanctions</u>

Finally, there is no merit to the Experiential Plaintiffs' argument that they should get off the hook because Mr. Dollinger was "apparently conflicted." Dkt. 222. The Experiential Plaintiffs never explain what purported conflict arose (or when)—nor do they even claim that one exists. They simply seek to take advantage of Mr. Dollinger's statements in that regard without adopting them. But when it suited them, the Experiential Plaintiffs told the Court that "the most telling aspect of the Dollinger Letter is its failure to identify any actual—or even hypothetical—conflict of interest warranting relief here." Dkt. 203 at 2. As they told the Court: "These are not conflicts of interest," "there is no possible conflict here," and "Mr. Dollinger cannot invent nonsensical conflicts" to suit his litigation ends. *Id.* at 3. So too for Sweetnam. In any event, for the reasons previously summarized, *see* Dkt. 191, all Plaintiffs are bound by the conduct of their attorney, Mr. Dollinger, in submitting the original and amended complaints, both of which were client-verified. The Experiential Plaintiffs fail to cite a single case for a contrary result.[5]

---

[4] Any grounds relating solely to the original complaint were not withdrawn within the safe-harbor period.

[5] In particular, Mr. Schroeder (CEO of EVH, EHH, and SHV) has been a motivating force behind this litigation, as evidenced by his verification of both complaints and submission of at least three declarations. Dkts. 97, 105-1, 127. He should not be permitted to slink away without prejudice to his claims, only to continue lobbing frivolous claims from behind EVH in a yet-to-be-seen second amended complaint.

MINTZ

Respectfully submitted,

/s/ *Matthew M. Karlan*
Matthew M. Karlan

Cc: All Counsel of Record (via ECF)