**SWEETNAM**
**SCHUSTER & SCHWARTZ**

200 Vesey Street
Brookfield Place
24th Floor
New York, New York 10281

H. Lawrence Stierhoff
(646) 952-8600
lstierhoff@sweetnamlaw.com

October 7, 2026

**VIA ECF**
The Honorable Mary Kay Vyskocil
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *ADMI Inc., et al. v. Authentic Brands Group, LLC, et al.* (No. 1:25-cv-7301)

Dear Judge Vyskocil:

I write on behalf of Plaintiffs EVH and EHH and former plaintiffs Christopher Schroeder, Mark Korros, and William Killian ("Former Plaintiffs," and, with EVH and EHH, the "Experiential Parties") in reply to Defendants' October 2 letter (ECF 225, "Defendants' Letter") regarding the Experiential Parties' September 30 letter (ECF 222, the "Experiential Letter").[1]

Defendants do not contest that: (1) they did not serve their sanctions motions (ECF 141, 144, 147, 150 (the "Motions")) on the Experiential Parties after the FAC was filed (*cf.* Experiential Letter at 2-3); (2) Rule 11's safe harbor period does not begin to run until a Rule 11 motion is served (*cf. id*. at 3); (3) the Rule 41 Notice and the Experiential Letter suffice to withdraw the FAC during a safe harbor period (*cf. id*. at 2); or (4) the Experiential Parties could not have made arguments about the effect of withdrawing the FAC before they withdrew it (*cf. id*. at 3). While the Court has jurisdiction over sanctions,[2] these concessions preclude awarding them under Rule 11(c)(2) or the Court's inherent powers.[3] (*See* Experiential Letter at 2-3.)

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as in the Experiential Letter. Mr. Dollinger now represents Kent Purdy, and we do not write on his behalf. (*See* Oct. 6 Purdy Declaration.)

[2] Defendants' Letter's first footnote contests the effectiveness of the Rule 41 Notice, but the question of "whether notice of dismissal by some, but less than all, of the plaintiffs is permissible" under Rule 41(a)(1) was answered in the affirmative by *Miller v. Stewart*, 43 F.R.D. 409, 411 & 412-13 (E.D. Ill. 1967). *Accord Gaia Gardens, LLC v. Twp. of Montclair*, 2025 WL 2374417, *3-4 (D.N.J. Aug. 15, 2025); *Dorn v. Vivint, Inc.*, 719 F. Supp. 3d 1223, 1226 (M.D. Ala. 2024). By contrast, Defendants' reliance upon *Huang v. Shanghai City Corp*., 2022 WL 2306870 (S.D.N.Y. June 27, 2022) is misplaced because it addresses dismissal of claims against fewer than all **defendants**, *see id*. at *3. Defendants' suggestion that *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), predicates the availability of Rule 41(a)(1) on the magnitude of their expenditures is similarly misleading. Defendants' quote simply describes part of Rule 41(a)(1)'s purpose, *see id*. at 397, but elides Rule 41(a)(1)(A)(i)'s "concurrent … purpose[] … of establishing a bright-line test marking the termination of" a right, which caused the "'drafters [to] employ[] precise language to define an "early stage" of a proceeding.'" *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979) (citation omitted). Former Plaintiffs "ha[ve] not been served with an answer or motion for summary judgment" and so had "an 'unfettered right … to dismiss [their] action[s]'…. for any reason[.]" *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (quoting *Thorp*, 599 F.2d at 1175).

[3] Because the Experiential Parties are neither "attorney[s]" nor "person[s] admitted to conduct cases in any court," 28 U.S.C. § 1927 is not a basis for sanctions. (*Cf.* Defs.' Letter at 2.) Similarly, Defendants' claim that ECF

Defendants—and the multiple prominent law firms that represent them—try to escape the results of their failure to comply with *Lawrence v. Richman Group of CT LLC*, 620 F.3d 153 (2d Cir. 2010), and its directive "to seek clarification," *id*. at 159. They do so by calling for the equivalent of their forfeited requests for case-ending sanctions by other means[4] and by raising inapposite objections largely foreclosed by *Lawrence* itself. There is a reason Defendants do so.

As set out in the Amended Counterclaim in the Chancery action (*see* Exs. A (sealed) and B (publicly filed)), EVH, ADMI, Inc. ("ADMI"), and Defendants Kituwah and Authentic created a joint venture to develop Sports Illustrated Resorts and eventually did so with T+L. (*See* Ex. A ¶¶ 15-95.) Kituwah and Authentic then decided to cut EVH out of the deal. (*See id*. ¶¶ 96-201.) Two articles published after the date of the Amended Counterclaim confirm that Kituwah and Authentic are developing Sports Illustrated Resorts together, that trade secrets are being used, and that T+L is part of it. (*See* Exs. C & D.) That breaches Kituwah's obligations to EVH under the EHH LLC Agreement and gives EVH a direct right in Kituwah's income and profits. (*See* Ex. A ¶¶ 202-217.) Authentic and T+L have tortiously interfered with that contractual relationship and are also liable for, *inter alia*, participating in misappropriation of trade secrets.

Defendants understandably wish to avoid EVH's impertinent assertion of its contractual and other rights, but that wish does not warrant imposing case-terminating sanctions because of the mismanagement of EVH's claims while it was temporarily represented by an admittedly conflicted lawyer with an apparent interest in ADMI (*see* ECF 151-2 at PDF p. 45 of 46)—particularly when Mr. Dollinger did not share the May 7 transcript with his unwitting clients before he filed the FAC.[5] The FAC has been withdrawn, which precludes sanctions.[6] (*See* Experiential Letter at 2-3.) Defendants' contrary arguments should be rejected.

## I. The Withdrawal of the FAC Precludes Sanctions on Defendants' Motions.

Defendants' contention that the Experiential Parties' arguments are untimely ignores the

---

155 (the "OTSC") was issued *sua sponte* under Rule 11(c)(3) ignores the OTSC's first two sentences, which make clear that it was issued on the Motions (*e.g.*, OTSC at 1 ("Accordingly"))—not by the Court "[o]n its own[]" under Rule 11(c)(3). (*Cf.* Defs.' Letter at 2 (citing *New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, 2023 WL 2402820, *3 (S.D.N.Y. Mar. 8, 2023)).) Nor does the OTSC "specifically describe[]" the "conduct" that is the subject of that order, as Rule 11(c)(3) requires. *See Martens v. Thomann*, 273 F.3d 159, 178 (2d Cir. 2001).

[4] For example, Defendants largely ignore EHH but state, prematurely and without explanation, that dismissal under Rule 41(a)(2) should be "'with prejudice.'" (Defs.' Letter at 1 n.1.) But that requires Defendants to show, at minimum, that they "'would suffer some plain legal prejudice … beyond the prospect of a second lawsuit[]'" and they have not done so. *New York v. De Blasio*, 2025 WL 857338, at *1 (2d Cir. Mar. 19, 2025) (citations omitted).

[5] Defendants' allegation of inconsistency by the Experiential Parties is misleading. (*See* Defs.' Letter at 3.) Mr. Dollinger's claim that his representation of his own clients somehow infects Sweetnam with a conflict is a nonsensical ploy designed to reassert his imprudent control over his former clients' more valuable claims. (*See* ECF 203.) By contrast, the conflict invoked in the Experiential Letter is one that Mr. Dollinger admits he has, presumably based on his understanding of his remaining clients' interests (a conflict that would have existed for months before he raised it). (*See* ECF 190-2 at 3.) Defendants' gamesmanship in conflating the two is inappropriate given the gravity of their requested relief.

[6] The Experiential Letter and the Rule 41 Notice more than "'indicate that'" the Experiential Parties "'would have withdrawn'" the FAC—they actually withdrew the FAC. *Weiss v. David Benrimon Fine Art LLC*, 2021 WL 6128437 (2d Cir. Dec. 28, 2021), *1 (citation omitted). Defendants' reliance on *Weiss* is thus misplaced.

fact that the FAC was withdrawn on September 30, 2026, and the impact was immediately raised. That cannot be untimely. Moreover, that withdrawal and Sweetnam's representation are "matters … that might reasonably be expected to alter the [court's] conclusion," thus warranting reconsideration if disregarded. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Defendants' contention that the Court's oral order on May 7 shortened the safe-harbor period is irrelevant because Defendants failed to serve their Motions at all before filing them.[7] (*Cf.* Defs.' Letter at 2.) Defendants' real argument seems to be that the Court abrogated the safe-harbor process entirely, but *Lawrence* precludes that argument—especially given their failure "to seek clarification" from the Court "as to the schedule."[8] 620 F.3d at 159. The rule for when an amended complaint "withdraw[s] or appropriately correct[s]" an undismissed one under Rule 11(c)(2) applied in *Gong v. Sarnoff*, 2023 WL 5372473 (S.D.N.Y. Aug. 22, 2023), is also inapposite. *Lawrence* rejects the *Gong* approach for dismissed complaints. 620 F.3d at 157.

## II. EVH Can Amend Under Rule 15(a)(1) and Drop Claims Without Prejudice.

Defendants wrongly argue that granting "REDACTED" (May 7 Tr. at 9:9) "extinguishe[d] [EVH's] right to amend as a matter of course." (Defs.' Letter at 2 (citation omitted)).[9] But "Rule 15 is clear and unambiguous[]" and "it does not … state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made."[10] *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1006-07 (9th Cir. 2015). Because EVH filed the FAC with "'the court's leave' [it] can ... file a second amended complaint 'as a matter of course[.]'" *Prencipe v. Pishevar*, 2023 WL 5505870, *1 (C.D. Cal. June 20, 2023) (citations omitted); *accord Doe #1 v. Syracuse Univ.*, 335 F.R.D. 356, 360 (N.D.N.Y. 2020).

Defendants also do not cite any authority requiring that any claims or parties dropped by way of amendment be treated as dismissals with prejudice. Moreover, their premature prejudice arguments are directed to an unnecessary motion that is not before the Court and are contradicted by, *inter alia*, Rule 15(a)(2), under which "court[s] should freely give leave" to amend.

---

7 Defendants' contention that filing the Motions can dispense with Rule 11(c)(2)'s service requirement if given enough time is mistaken. (*Cf.* Defs.' Letter at 2-3.) That would essentially eliminate Rule 11(c)(2)'s requirement that a "motion must be served under Rule 5, but it must not be filed" before the safe harbor expires. *See also, e.g., Lawrence*, 620 F.3d at 155-56 (overturning sanctions awarded over a year after renewed motion was filed). In any event, the Rule 11 safe-harbor period is not discussed on the thirteenth page of the transcript cited by Defendants and so, respectfully, the Court did not shorten that period by that order. (*Cf.* Defs.' Letter at 2.)

8 The Second Circuit rejected the *Lawrence* defendants' argument that court scheduling directives had eliminated the safe harbor period, holding that "the proper course was not to ignore the rule's safe harbor requirements, but" to raise the issue with the court—an instruction Defendants ignored here. 620 F.3d at 159. In support, *Lawrence* cites *Fruit of the Loom, Inc. v. Am. Mktg. Enters., Inc.,* 192 F.3d 73, 75 (2d Cir. 1999), for the proposition "that district courts generally are not authorized to craft practices in conflict with federal rules[]." *Lawrence*, 620 F.3d at 159. Rule 11(c)(2)'s safe-harbor procedure thus cannot be eliminated.

9 Defendants' conflicting intimation that the FAC already was amended under Rule 15(a)(1) is contradicted by the Court's intervening order striking the original complaint and granting leave. (*Cf.* Defs.' Letter at 2.)

10 In *Davis v. Sedgwick Claim Mgmt. Servs., Inc.*, 2023 WL 6141170 (S.D.N.Y. Sept. 20, 2023), the plaintiff had reserved Rule 15(a)(1) "like an ace in the hole" across "multiple amendment cycles" and played it only after using up her "one final opportunity" to amend. *Id.* at *5 (citations omitted; cleaned up). That has no bearing here, where EVH amended only once before and intends to use Rule 15(a)(1) on the advice of new counsel.

Respectfully submitted,

*/s/ H. Lawrence Stierhoff*

H. Lawrence Stierhoff

cc: All Counsel of Record (via ECF)