UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADMI INC., *et al.*;

Plaintiffs,

vs.

AUTHENTIC BRANDS GROUP, LLC, *et al.*,

Defendants,

and

SPORTS HOSPITALITY VENTURES, LLC,

Nominal Defendant,

Case No. 1:25-cv-7301 MKV

**MEMORANDUM IN RESPONSE TO MOTION TO DISQUALIFY**

Plaintiffs Experiential Ventures Hospitality, LLC ("EVH") and Experiential Hospitality Holdings, LLC ("EHH") (the "Experiential Parties") write simply to note their opposition to the Motion To Disqualify the Honorable Judge Vyskocil and all relief requested therein, including Mr. Dollinger's request for Rule 53 relief pertaining to a purported conflict between law firm Sweetnam, Schuster and Schwartz, LLC ("Sweetnam") and Mr. Dollinger's clients ADMI and SIR. (ECF 214, the "Motion To Disqualify").

**Mr. Dollinger's requested relief is hypocritical given that Mr. Dollinger and his law firm appear to be currently suing his clients ADMI and SIR**, while concurrently claiming Sweetnam somehow has a conflict with ADMI and SIR, and even though Sweetnam has never represented those entities, which are being sued (and concurrently represented) by Mr. Dollinger and his law firm. Additionally, no Rule 53 motion is pending.

On July 7, 2026, ***Attorney Dollinger and his law firm as Plaintiffs*** commenced litigation (not merely as attorney of record) against ADMI, Inc. and SIR, Inc. in the New York Supreme Court, Orange County (Case Number: EF007240-2026). That action was subsequently removed to the Southern District of New York, White Plains division, and is now pending before the Honorable Kenneth M. Karas. (*Douglas R. Dollinger, et al. v. Frank C. Gilmore, et al.*, S.D.N.Y., No. 7:26-cv 07273.)

Mr. Dollinger identified ADMI and SIR as so-called necessary parties in his complaint – but, in a letter to Judge Karas, Mr. Dollinger explains:

> The First Amended Verified Complaint does not merely identify ADMI as a nominal or formal party. ***Plaintiffs assert direct breach-of-contract and account-stated claims against ADMI and other Necessary Corporate Parties arising from professional fees exceeding $2.2 million***. Plaintiffs also seek declaratory relief concerning ADMI's contractual rights and obligations and the effect of the disputed December 2023 proposed settlement. ADMI therefore possesses its own substantial legal and financial interests in the controversy.

(Ex. A, *Douglas R. Dollinger, et al. v. Frank C. Gilmore, et al.*, S.D.N.Y., No. 7:26-cv-07273, ECF 10 at 1, filed on September 3, 2026 (emphasis added).)

For clarity, the only Plaintiffs in that case are Mr. Dollinger and his law firm – and he and his law firm assert breach of contract and account stated claims against his concurrent clients in this action, ADMI and SIR. (Ex. B, S.D.N.Y., No. 7:26-cv-07273, ECF 1-4 at ¶¶ 78-86.)

Dated: October 7, 2026

SWEETNAM, SCHUSTER & SCHWARTZ, LLC

/s/ Jared Siegel

Jared Siegel
H. Lawrence Stierhoff
Daniel Fleming
200 Vesey Street
Brookfield Place, 24th Floor
New York, New York, 10281
(646) 952-8600
lstierhoff@sweetnamlaw.com
jsiegel@sweetnamlaw.com
dfleming@sweetnamlaw.com

*Attorneys for Plaintiffs EVH and EHH*