Law Office of
Douglas R. Dollinger, P.C.
& Associates, Counselors at Law

Telephone
845.741.9363

Affiliated Offices
San Francisco, California
New York City, New York

Admitted to Both
State and Federal Practice

570 County Route 49
Middletown New York 10940
ddollingeresq@gmail.com

November 17, 2026

**VIA ECF**

Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: ADMI Inc. v. Authentic Brands Group, LLC, No. 25-cv-7301 (MKV)**
**Letter Motion to Seal or Redact and Request for Expedited Hearing**

Your Honor:

I write on behalf of plaintiffs ADMI Inc. and SIR Inc. in connection with their application by proposed order to show cause for an expedited preliminary-injunction hearing. Plaintiffs also respectfully move for leave to file under seal or in redacted form the specific nonpublic portions of the supporting exhibits described below. Plaintiffs seek a schedule for notice, opposition, reply, and an evidentiary hearing; the proposed order does not impose a temporary restraining order.

**Request for Expedited Hearing**

The application concerns the improper continuing and expanding use and disclosure of proprietary development information, materials, relationships, and operating methods that plaintiffs contend were created by ADMI and Experiential Ventures Hospitality, LLC or developed through Sports Hospitality Ventures, LLC ("SHV"). Plaintiffs seek protection of identified confidential materials and, after a hearing, temporary restrictions on the challenged use of the Sports Illustrated Resorts name and logo, as set forth in the accompanying papers.

On November 13, 2026, Travel + Leisure announced the official opening of Sports Illustrated Resorts Nashville. Nashville previously appeared in SHV's development pipeline, and the supporting materials describe elements of the earlier hospitality platform that plaintiffs contend have continued in the present program. In plaintiffs' view, Nashville provides further proof of the harm caused by the development and expansion of the program using the movants' trade secrets and other intellectual property. The time required for ordinary motion practice threatens the loss of opportunities, relationships, control over confidential information, and the value of the venture in ways a later damages award cannot fully repair. The proposed hearing would allow the Court to examine the agreements, development records, witness testimony, and current activity together, while affording defendants notice and an opportunity to be heard.

Plaintiffs previously submitted an application for preliminary injunctive relief. At the May 7, 2026 conference, I advised the Court that plaintiffs were withdrawing that application and requested that the withdrawal be without prejudice. The Court struck the original complaint with leave to amend and confirmed the withdrawal. See May 7, 2026 Tr. 8:19–21, 9:3–16, 12:16–19, ECF No. 135. The present application relies on the First Amended Complaint and on evidence of subsequent developments, as explained in the accompanying declarations. Plaintiffs continue to work toward a negotiated resolution; because no resolution has been reached, they respectfully request prompt consideration of the present application.

**Request for Limited Sealing and Redaction**

Plaintiffs recognize the presumption of public access to judicial documents and the need for redactions to be narrowly tailored. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The requested protection is directed to information that plaintiffs contend remains nonpublic and has independent business value, not to the mere fact that a document is marked confidential. Public disclosure of the information itself could give competitors and others the benefit of the development work and compromise plaintiffs' ability to preserve the value and confidentiality they seek to protect in this motion.

The particular materials for which plaintiffs seek protection, to the extent the highlighted portions contain nonpublic information, are:

Memorandum Exhibits 1 and 2, Smith Exhibits A–D, and Ghiselli Exhibit 1: portions of internal or participant correspondence disclosing nonpublic proposed branding, business development, project discussions, or communications about proposed venture arrangements. Disclosure of such details would reveal internal planning and confidential exchanges used to develop the venture.

Memorandum Exhibits 3, 4, 5, and 7: portions of the Orlando presentation, SHV meeting agenda, priority pipeline, and earlier Nashville proposal that disclose nonpublic project evaluations, plans, financial information, counterparties, or development priorities. Disclosure could enable others to use project-specific analysis and relationships before the parties' rights are determined. In particular, Exhibit 5 contains projected investment, royalty, revenue, payroll, and distribution figures (court-package pages 95–100); disclosure of those nonpublic projections would reveal the venture's financial assumptions and forecasts.

Memorandum Exhibit 6: nonpublic portions of the Tuscaloosa concept-design materials and related 2024 correspondence, including project-specific design or development information not otherwise public. Disclosure could expose work prepared for the project and the private information communicated in connection with its development.

Memorandum Exhibit 8: selected nonpublic portions of the SHV Brand Playbook reflecting the compilation of brand, operational, and guest-experience standards and methods. Disclosure of the protected details would make available the organized development work whose continued unauthorized use is at issue.

Plaintiffs request redaction only of material for which confidentiality and a concrete need for protection can be established; publicly available announcements and information already public need not be withheld merely because they appear in a confidential document. Purdy Exhibit 1 contains planning materials and is not included in this request to the extent publicly available. Previously filed documents remain subject to the Court's existing orders, including

ECF Nos. 33 and 107; plaintiffs do not seek to extend those orders automatically to this application.

Plaintiffs will file the proposed redacted versions publicly and the corresponding unredacted versions with proposed redactions highlighted under seal, related to this letter motion, and provide chambers with clean and highlighted copies as required by the Court's Individual Rules. Plaintiffs respectfully request that the Court grant the narrowly tailored sealing and redaction request and set an expedited schedule and evidentiary hearing. Plaintiffs appreciate the Court's consideration.

Respectfully submitted,

Douglas R. Dollinger, Esq.

Douglas R. Dollinger, Esq.
Counsel for ADMI Inc. and SIR Inc.

cc: All counsel of record (via ECF)