**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADMI INC., et al.,<br>Plaintiffs,<br><br>vs.<br><br>AUTHENTIC BRANDS GROUP, LLC., et al.,<br><br>Defendants,<br><br>and<br><br>SPORTS HOSPITALITY VENTURES, LLC.,<br><br>Nominal Defendant. | Case No.: 25-cv-7301(MKV) |

**[PROPOSED] ORDER TO SHOW CAUSE FOR AN EXPEDITED PRELIMINARY INJUNCTION HEARING**

Upon the application of plaintiffs ADMI Inc. and SIR Inc.; their memorandum of law and supporting declarations and exhibits; the previously filed declaration of Christopher Schroeder, ECF No. 97; and the First Amended Complaint, it is hereby

**ORDERED** that defendants Authentic Brands Group, LLC; ABG-SI LLC; Travel + Leisure Co.; Development 123 LLC, now known as Sports Resort Development LLC; Kituwah LLC; and Travis Crisp show cause before the United States District Judge designated by the Court, at the United States Courthouse, 500 Pearl Street, New York, New York, or by such other means as the Court directs, on ___________________ at __________, or as soon thereafter as counsel may be heard, why preliminary injunctive relief should not issue pursuant to Federal Rule of Civil Procedure 65;

**ORDERED** that plaintiffs seek, after notice and a hearing, a preliminary injunction temporarily restraining the responding defendants and persons bound under Federal Rule of Civil

Procedure 65(d) from using the name and logo "Sports Illustrated Resorts" in connection with the development, marketing, and operation of the challenged resort platform and projects pending adjudication, together with protection against unauthorized use or disclosure of identified confidential development materials and information;

**ORDERED** that the hearing address the requested protection against unauthorized use or disclosure of identified confidential development materials and information, including identified nonpublic project, financial, brand, and operating materials; the proposed restriction on use of the name and logo "Sports Illustrated Resorts"; and the evidence and applicable agreements relating to each form of relief. Any preliminary injunction entered after the hearing shall state its reasons, describe the acts restrained in reasonable detail, and identify the persons bound as required by Rule 65(d);

**ORDERED** that the parties be prepared to address the rights asserted by ADMI and SIR; the status of SHV and any claims asserted on its behalf; the parties' respective rights under the applicable agreements and asserted termination; the nature, ownership, confidentiality, and use of the identified materials; present and threatened harm; the effect of the requested relief on other persons; and the factual and legal basis for any requested restriction on use of the name and logo "Sports Illustrated Resorts";

**ORDERED** that defendants shall serve and file any opposition papers by ___________________ at __________; plaintiffs shall serve and file any reply papers by ___________________ at __________; or the parties shall follow such other schedule as the Court directs;

**ORDERED** that a copy of this signed Order and the supporting application shall be served on the responding defendants through their counsel by __________________ at __________, by

__________________, subject to the applicable rules and any separate requirements for service of sealed materials, and proof of service shall be filed promptly;

**ORDERED** that the parties shall be prepared to address the amount and form of any security under Rule 65(c), and the Court reserves that question pending consideration of the requested relief;

**ORDERED** that this Order sets the application for briefing and hearing only. It does not itself grant a temporary restraining order or preliminary injunction, impose a preservation obligation, determine any party's rights, or resolve the pending recusal request.

**SO ORDERED.**

Dated: ____________

__________________________
Hon. MARY KAY VYSKOCIL
United States District Judge